IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| SHANECCA BECK, Individually and as Representative of the Estate of RAYMOND BECK, JR., Deceased, and as Next Friend of RAYMOND BECK, III, a minor, and TREASURE BECK, a minor | § § § § § § § | |
| Plaintiffs | § § | CASE NO. 2:10-CV–00028-RSP |
| vs. | § § | |
| RICHARD CARL WHITCOMB and CON-WAY TRUCKLOAD, INC. Defendants | § § § | |

**MEMORANDUM ORDER**

CONSIDERING the motions and memoranda in the record, and the oral arguments of counsel during the pretrial conference, as well as the letter briefs submitted thereafter, the Court hereby rules as follows on the Motions in Limine filed in this matter:

**(A) Plaintiffs' First Motion in Limine (Doc. 169)**:

(1) Granted;

(2) - (6) Agreed;

(7) Denied;

(8) Agreed;

(9) Granted to the extent that the parties will not be permitted to elicit opinions from Trooper Williams as to the speed of either vehicle at any time, the cause of the accident, or which rest area night have been used by the Defendant's truck. The Court finds that such opinions would not be helpful to the jury as they are not based upon sufficient education or experience,

nor did Trooper develop sufficient data to support such opinions;

(10) Granted.  The Court finds that the likelihood that they jury would improperly use such evidence, in violation of Rule 404(b), on the issue of liability, clearly outweighs the lesser and relatively speculative probative value the evidence bears on the issue of the value of future earnings.  The Court also concludes that a limiting instruction would be insufficient to avoid this prejudice.

**(B) Defendants' Motion in Limine (Doc. 219):**

(1) Denied:

(2) Granted;

(3) Denied as overbroad;

(4) Denied;

(5) Granted, and Defendant is likewise directed not to refer to plaintiffs' consultations with counsel;

(6) Denied as overbroad.  Further, these matters can be adequately addressed on cross-examination.

(7) Denied;

(8) Denied;

(9) Granted;

(10) Denied.

**(C) Motion in Limine re GPS Speed Data (Doc. 191):**

Denied.  While perhaps not conclusive, the GPS data present a sufficient pattern to be relevant to the issue of the speed of the vehicle at a slightly later time.  The nature of the evidence (being based on scientific instrumentation rather than subjective impression) and the

number of repeated readings clearly differentiates this evidence from that of bystanders observing accident vehicles passing by well in advance of the accident.  Counsel can explore on cross the various weaknesses they perceive in the evidence.

**(D) Motion in Limine re Christina Kelly (Doc. 199):** Denied as moot.

**(E) Motion for Jury Questionnaire (Doc. 201):**

Granted, except as to Questions 10, 12 and 13.

**(F) Motion in Limine re Prior Bad Acts (Doc. 200):** Denied as moot (see above).

**(G)** All other motions by the settling parties (Greenwood Motor Lines, et al.) are denied as moot.

**SIGNED this 23rd day of January, 2012.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE